FILED

03/25/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0133

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0133



JESSE LEE SACKETT,

Petitioner,

v.

ORDER

LYNN GUYER, Warden,
Montana State Prison,

Respondent.

Appearing as a self-represented Petitioner, Jesse Lee Sackett has filed a petition for a writ of habeas corpus, "challenging the proper amount of credit for time served[.]" Sackett is currently incarcerated at the Montana State Prison (MSP).

Sackett includes copies of his criminal judgments. In November 1986, the State of Montana charged Sackett with deliberate homicide of his wife in Missoula County. Sackett entered a plea of guilty in February 1987. Thereafter, the Missoula County District Court sentenced him to MSP for a fifty-year term with twenty years suspended and imposed a consecutive ten-year term for use of a dangerous weapon during the commission of the crime. The court awarded Sackett 183 days of credit for time served.

On December 18, 2018, the District Court revoked his suspended sentence because it determined that Sackett violated his probationary conditions. The court sentenced Sackett to MSP for a twenty-year term with ten years suspended and awarded Sackett 254 days of credit against his sentence (hereinafter 2018 sentence upon revocation).

In his petition, Sackett contends that he is owed 690 days of credit for time served. He explains that he was in prison for an additional 345 days from October 24, 2006 to October 1, 2007, and that MSP did not account for this time. Sackett states that he was arrested on October 24, 1986, and that his discharge date should have been October 24, 2006, not October 1, 2007, as MSP maintains. Sackett asserts that he is due

690 days because the 345 days should be doubled due to the application of good time credit. Section 53-30-105, MCA.

Sackett fails to mention that he was in another state, pursuant to Montana's Interstate Compact, prior to his revocation. Available electronic records indicate that he was transferred to New Jersey for supervision in September 2007. On March 16, 2009, the Montana Department of Corrections received a Notice of Violation that Sackett allegedly absconded from supervision after receiving new charges in New Jersey. His New Jersey Probation Officer requested a warrant be issued. A petition to revoke was filed in the Missoula County District Court four days later. Sackett was still under the supervision of the Montana Department of Corrections because Sackett was serving his probationary term. Sections 46-23-1012, 46-23-115, and 46-18-203, MCA.

Good time credit applies to sentences imposed before 1995. Section 53-30-105, MCA (1995) (1995 Mont. Laws, ch. 372, §§ 12(2), 13, repeal eff. Oct. 1, 1997). Sackett is neither owed good time credit or additional credit for time served. While Sackett is eligible for good time under the law in effect at the time of the offense, he is not entitled to credit for good time after 1997 because of the statute's repeal. Furthermore, Sackett did not discharge his sentence in 2007, and MSP has accounted for the time from 2006 to 2007. Sackett was released from MSP custody to begin serving his probationary term pursuant to § 46-23-201(1)(a), MCA (1985). Had Sackett not violated probation, his entire custodial term would have discharged sometime in 2027, followed by a probationary term of twenty years. These calculations changed with his 2018 sentence upon revocation.

Sackett is not unlawfully restrained. Finally, Sackett is procedurally barred from seeking habeas corpus relief from his 2018 sentence upon revocation because habeas corpus "is not available to attack the legality of an order revoking a suspended or deferred sentence." Section 46-22-101(2), MCA. Accordingly,

IT IS ORDERED that Sackett's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

2

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Jesse Lee Sackett personally.

DATED this ___24th___ day of March, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3